IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| MICHAEL HUDMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:23-cv-131 |
| | § | |
| SAFECO INSURANCE COMPANY | § | |
| OF INDIANA, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446(a) and Local Rule 81(a), Defendant Safeco Insurance Company of Indiana ("Safeco" or "Defendant") files this Notice of Removal, removing this action from the 295th Judicial District, Jones County, Texas to the United States District Court for the Northern District of Texas, Abilene Division. Removal is based on diversity jurisdiction because there is complete diversity between Plaintiff Michael Hudman ("Plaintiff") and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In support of its Notice of Removal, Defendant respectfully shows the Court as follows:

## I.
## INTRODUCTION

This lawsuit arises out of Plaintiff's claim for storm-related damage to residential property located at 15235 Co. Road 465, Merkel, Texas 79536 under a homeowners insurance policy issued by Defendant. In his Original Petition, Plaintiff asserts claims against Defendant arising out of Defendant's handling of Plaintiff's insurance claim. On April 17, 2023, at 4:57 p.m., Plaintiff filed his Original Petition in the 295th Judicial District, Jones County, Texas, naming Safeco as

the sole defendant.[1] Defendant was served with a citation and a copy of Plaintiff's Original Petition on May 9, 2023 through its registered agent for service of process. Accordingly, this Notice of Removal is being filed within thirty (30) days of service of Plaintiff's Original Petition on Defendant and is thus timely filed under 28 U.S.C. §1446(b). As explained below, removal is proper because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00.

## II.
## BASIS FOR REMOVAL

### A.   DIVERSITY OF CITIZENSHIP

Removal is proper because there is complete diversity between the parties. *See* 28 U.S.C. §1332(a). Plaintiff is an individual domiciled in Texas. *See* Plaintiff's Original Petition, **Exhibit C**, ¶ 2. In addition, Plaintiff owns the subject property in Texas, and has designated his Texas Property as his Homestead for a property tax exemption. *See* **Exhibit D**. Thus, for diversity purposes, Plaintiff is a citizen of Texas. Safeco is a corporation organized under the laws of the State of Indiana, with its principal place of business in Boston, Massachusetts. For diversity purposes, Safeco is a citizen of both Massachusetts and Indiana. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant.

### B.   THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

There are two ways a defendant can establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). First, a defendant can establish that the amount in controversy exceeds $75,000.00 by demonstrating that it is "facially apparent" from the petition at issue that the claim

---

[1] Earlier that same day, before the lawsuit was filed, Defendant invoked appraisal by serving an appraisal demand via email and facsimile to Plaintiff's counsel. Each party has designated an appraiser and the appraisal process is underway.

likely exceeds $75,000.00. *See Tovar v. Target Corp.*, 2004 WL 2283536, at *1 (W.D. Tex. Oct. 7, 2004) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Second, a defendant can demonstrate that the amount in controversy exceeds $75,000.00 by setting forth the facts in controversy in the removal petition. *See id*.

First, Defendant can demonstrate that it is facially apparent from Plaintiff's Original Petition that the amount in controversy exceeds $75,000.00 because Plaintiff has specifically pled that "the total loss was estimated by the Public Adjuster to be $81,018.24". *See* Plaintiff's Original Petition, **Exhibit C**, ¶ 10.

Defendant can also carry its burden by demonstrating that the amount in controversy exceeds the $75,000.00 by setting forth the facts in the removal petition. "[T]he [C]ourt may rely on summary judgment-type evidence to ascertain the amount in controversy." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (internal quotation marks omitted). One such type of summary judgment evidence is a pre-suit demand letter. *Gutierrez v. Allstate Texas Lloyd's*, 2017 WL 3274358, at *2 (S.D. Tex. Jan. 1, 2017).

On December 14, 2021, Plaintiff served a pre-suit demand letter pursuant to the Texas Insurance Code and Texas Deceptive Trade Practices Act in which she sets forth a demand totaling $81,018.24 in actual damages, and an additional $1,000.00 in attorneys' fees. *See* **Exhibit E**. Accordingly, it is clear from Plaintiff's pre-suit demand that the amount in controversy exceeds $75,000.00 and this Court has jurisdiction.

### III.
### COMPLIANCE WITH PROCEDURAL REQUIREMENTS

As required by Local Rule 81(c), filed concurrently with this Notice of Removal is a completed civil cover sheet, a certified copy of the state court docket sheet, the pleadings filed in

state court, a jury demand, and a list of all parties and attorneys involved in the case. The following exhibits are attached:

- **Exhibit A**: Index of all documents filed in the state court action.

- **Exhibit B**: Jones County Civil Case Information Sheet.

- **Exhibits C through C-2**: A copy of each pleading filed in the state court action.

- **Exhibit D**: Jones County Appraisal District property information sheet.

- **Exhibit E**: Plaintiff's pre-suit demand.

Pursuant to 28 U.S.C. §1446(d), Defendant will serve written notice of the filing of this Notice of Removal on all adverse parties and will file a true and correct copy of this Notice of Removal with the 295th Judicial District, Jones County, Texas, promptly after the filing of same.

## IV.
## REQUEST FOR RELIEF

Based on the foregoing, Defendant Safeco Insurance Company of Indiana respectfully requests that the above-styled action now pending in the 295th Judicial District, Jones County, Texas, be removed to the United States District Court for the Northern District of Texas, Abilene Division. Defendant requests all such other and further relief to which it is justly entitled.

Respectfully submitted,

*/s/ Colin Batchelor*
COLIN BATCHELOR
State Bar No. 24043545
SALINA A. KABANI
State Bar No. 24067484

**TILLMAN BATCHELOR LLP**
5605 N. MacArthur Blvd., Suite 560
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
E-mail:  colin.batchelor@tb-llp.com
E-mail: salina.kabani@tb-llp.com

**ATTORNEYS FOR DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA**

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, on June 8, 2023, a true and correct copy of the above and foregoing instrument was served *via ECF* upon:

**ATTORNEYS FOR PLAINTIFF**
Norman Riedmueller
Shaun W. Hodge
The Hodge Law Firm, PLLC
1301 Market Street
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300
Email: nriedmueller@hodgefirm.com
Email: shodge@hodgefirm.com

*/s/ Colin Batchelor*
COLIN BATCHELOR